IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD H. CONRAD,

    Plaintiff,

          v.

MICHEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

11cv00831
ELECTRONICALLY FILED

**MEMORANDUM OPINION RE:**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 14)**

**I.**     **Introduction**

Richard Conrad ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social Security ("Defendant" or "Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 – 433, 1381 – 1383(f) ("Act").  The Court ordered that the parties file cross-motions for summary judgment on or before March 26, 2012.  Doc. No. 13.  However, *pro se* Plaintiff has not filed a Motion for Summary Judgment as of the date of this Opinion.  The record has been developed at the administrative level.  For the following reasons, Defendant's Motion for Summary Judgment (Doc. No. 14) will be GRANTED.

**II.**     **Procedural History**

Plaintiff filed for DIB with the Social Security Administration ("SSA") on January 18, 2008, claiming an inability to work due to disability beginning May 10, 2006.  (R. at 104 –

110)[1]. Plaintiff subsequently applied for SSI on November 6, 2009. (R. at 122-125). Plaintiff was initially denied benefits on April 25, 2008. (R. at 69-72). A hearing was scheduled for January 20, 2010, and Plaintiff, represented by counsel, appeared to testify. (R. at 42 – 66). A vocational expert also testified. (R. at 60 – 64). The Administrative Law Judge ("ALJ") issued his decision denying benefits to Plaintiff on April 23, 2010. (R. at 9 – 24). Plaintiff filed a request for review of the ALJ's decision by the Appeals Council, which denied Plaintiff's request on April 18, 2011, thereby making the decision of the ALJ the final decision of the Commissioner in this case. (R. at 1 – 5).

Plaintiff filed his Complaint in this Court on June 24, 2011. (ECF No. 2). Defendant filed its Answer on February 7, 2012. (ECF No. 11). Cross-motions for summary judgment were scheduled; however, as previously noted, only Defendant has filed its Motion for Summary Judgment. (ECF No. 14).

**III.   Statement of the Case**

In his decision denying DIB and SSI to Plaintiff, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012;
2. The claimant has not engaged in substantial gainful activity since September 5, 2007, the alleged onset date;
3. The claimant has the following severe impairments: lumbar disc disease and status post microdiscectomy in 2005 with spinal and foraminal stenosis at L5-S1, status post motorcycle accident with subarachnoid hemorrhage and traumatic brain injury, alcohol induced mood disorder, benzodiazepine abuse, ethanol dependence in early remission, bipolar I disorder, avoidant personality disorder, and mood disorder;
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App'x 1;
5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant is limited to occasional walking and standing for 2 hours out of an 8 hour work day; is

---

[1]  Citations to the Record, *hereinafter*, "R. at __."

limited to occasional postural maneuvers such as balancing, stopping, kneeling, crouching, crawling, and climbing ramps and stairs; must be afforded the option to sit and stand during the work day, 1 to 2 minutes every hour or so; is limited to simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few work place changes, is limited to working primarily with objects rather than with people; is limited to occasional interaction with supervisors; must avoid interaction with co-workers and the general public; and is limited to occupations which do not involve the handling, sale, or preparation of alcoholic beverages;
6. The claimant is unable to perform any past relevant work;
7. The claimant was born on July 22, 1973 and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date;
8. The claimant has at least a high school education and is able to communicate in English;
9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills;
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform; and,
11. The claimant has not been under a disability, as defined in the Social Security Act, from September 5, 2007, through the date of this decision.

(R. at 14 – 24).

## IV.  Standard of Review

This Court's review is plenary with respect to all questions of law. *Schandeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). With respect to factual issues, judicial review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). A United States District Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-1191(3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of

evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). As long as substantial evidence supports the Commissioner's decision, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Sec'y of Health & Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The SSA, acting pursuant to its legislatively delegated rule-making authority, has promulgated a five-step sequential evaluation process to determine whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court recently summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find nondisability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

When review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that ground actually relied upon by the agency in making its decision. In *Sec. & Exch. Comm'r v. Chenery Corp.*, the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

332 U.S. 194, 196 (1947).

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision.

## V. Discussion

The Court is not able to ascertain how Plaintiff objects to the ALJ's determination denying his benefits because Plaintiff has not filed a Motion for Summary Judgment. The Court has independently reviewed Plaintiff's entire record to determine whether the ALJ's decision is supported by substantial evidence.

When rendering a decision, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter*, 642 F.2d at 705 (citing *Chenery Corp.*, 318 U.S. at 94). The ALJ may not only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status but must provide sufficient discussion to allow the Court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203 – 04 (3d Cir. 2008) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000); *Cotter*, 642 F.2d at 706. In the present case, the ALJ adequately met his responsibilities under the law.

As support for his decision to deny benefits to Plaintiff, the ALJ cited a number of Plaintiff's treating medical sources. As to Plaintiff's physical impairments, while the ALJ found that they could reasonably be expected to cause the alleged symptoms, he determined that, Plaintiff was not credible concerning the intensity, persistence, and limiting effects of the symptoms to the effect that they are inconsistent with the RFC assessment. (R. at 18). Specifically, the ALJ relied on Plaintiff's treatment record from Punxsutawney Hospital on

October 30, 2005, in which the attending physician noted that Plaintiff had full active range of motion with 5/5 in strength in all extremities with intact sensation. (Id.)  The ALJ noted that Plaintiff had back surgery in December 2005 without complications and there is no evidence that he sought regular treatment in 2006.  A June 29, 2007 evaluation by Dr. Bizousky was unremarkable, and at follow-up appointments Plaintiff reported that his pain was improving and that he didn't need to take any medication for his back.  Furthermore, Plaintiff's back specialist, Dr. Kadi, only provided Plaintiff with conservative treatment and determined that Plaintiff did not require surgery. (Id.)  The ALJ also noted that Plaintiff relayed to Dr. Kadi that he was feeling better after receiving epidural steroid shots and that his pain was only intermittent. (Id.)  The Court's review of Plaintiff's medical record does not reveal any physical impairment which should have been included in Plaintiff's RFC.  Therefore, the ALJ's decision in this respect is supported by substantial evidence.

     As to Plaintiff's mental impairments, the Court finds that the ALJ took care to review the entire record and lend credibility where he saw fit, noting with detail where such weight was given.  As such, the Court, pursuant to its standard of review, will not reweigh the evidence.  *See Monsour Med. Ctr.*, 806 F.2d at 1190-1191.  However, the standard of review requires that the ALJ's decision be supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Adorno*, 40 F.3d at 46.  The Court finds that the ALJ's decision as to Plaintiff's mental impairments is supported by substantial evidence for the following reasons.  The ALJ credited Plaintiff's alleged limitations that were supported by the record but did not fully credit those portions that were not fully supported by the record. (R. at 21-22).  More specifically, the ALJ compared the evidence presented by each of the medical experts to the testimony of Plaintiff and to that of the other medical experts. (Id. at 22).  The ALJ determined that the findings and opinions of Dr. Francis

were worthy of great weight because Dr. Francis' opinions were consistent with the findings and opinions of Dr. Brinkley, with the opinions and findings of Dr. Rohar, and with Plaintiff's testimony. (Id. at 20). According to the ALJ, these aforementioned sources dovetailed to a finding that Plaintiff suffered from mild to moderate limitations in social and work settings. (Id. at 20-21). Then, the ALJ analyzed Plaintiff's testimony, noting that "[Plaintiff's] subjective allegations that he is unable to perform any work because of his impairments are not supported by his allegations about his activities and abilities." (Id. at 21). The ALJ explained that, although Plaintiff claimed to have difficulty in some day-to-day activities, he indicated that he was able to successfully complete more-complicated tasks such as: taking medication without reminders, paying bills, managing checking and savings accounts, following written instructions, and "get[ting] along with authority figures." (Id.). Thus, the ALJ concluded Plaintiff did suffer mild to moderate restrictions in day-to-day living and in social functioning. (Id.). The ALJ included in Plaintiff's RFC those mental impairments which he found to be supported by the evidence. (ex. Relatively few workplace changes, avid interaction with co-workers and the general public). R. at 17. The Court has not found any other mental impairments which are supported by the medical record and which should have been included in Plaintiff's RFC. Consequently, the Court affirms the holding of the ALJ that Plaintiff's mental impairments did not render him "disabled" for the purposes of pursuing gainful employment, locally or nationally.

Therefore, because of the ALJ's emphasis on the entire record, including Plaintiff's own testimony, the Court finds that substantial evidence supports the ALJ's decision to deny Plaintiff's benefits. That is, that there is "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's conclusion]." *See Hartranft* at 360.

## VI. Conclusion

Based upon the foregoing, the Court finds that the ALJ adequately justified his decision to find Plaintiff ineligible for DIB and SSI.

Accordingly, Defendant's Motion for Summary Judgment will be GRANTED and the decision of the ALJ will be AFFIRMED.

An appropriate Order follows.

                                                 s/ Arthur J. Schwab
                                                 Arthur J. Schwab
                                                 United States District Judge

cc:      All Registered ECF Counsel and Parties

        Richard H. Conrad
        Milliron Road
        Punxsutawney, PA 15767
        PRO SE